J-S22021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY J. KUSHMANICK, IV | |
| Appellant | No. 1062 MDA 2015 |

Appeal from the Judgment of Sentence December 17, 2014
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000456-2014

BEFORE:  MUNDY, J., DUBOW, J., and STRASSBURGER, J.[*]

DISSENTING STATEMENT BY MUNDY, J.:         **FILED JULY 20, 2016**

I respectfully dissent.  The crux of Appellant's sufficiency argument is that the photographs of S.C. were consensually taken, and he did not disseminate them.  Majority Memorandum at 4; Appellant's Brief at 11. Instead, the Majority decides a different issue, *i.e.*, that the "the conduct at issue herein is not the type which the legislature intended to punish." Majority Memorandum at 6.

The Majority does not conclude the Commonwealth's evidence is insufficient for a failure to satisfy any of the elements of sexual abuse of children.  Likewise, the Majority does not dispute that neither lack of consent, nor dissemination is an element under Section 6312, which

---

[*] Retired Senior Judge assigned to the Superior Court.

resolves Appellant's sufficiency argument.[1] Rather, the Majority deems the Commonwealth's case legally insufficient because of the maxim *cessante ratione legis cessat et ipsa lex*. Majority Memorandum at 6. This maxim has never been applied to void an otherwise legally sufficient criminal conviction.

While I am sympathetic to Appellant's argument, I cannot overlook that Appellant does not deny the photographs were taken, or that he possessed them on his cell phone. ***See generally*** Appellant's Brief at 11. The trial court reached this same conclusion.

> [The trial c]ourt understands and does not depreciate how child pornography can victimize young children who are horrifyingly sexualized to gratify the perverted desires of older pedophiles. However, we cannot in good conscience equate an [sic] 19-year-old who engages in consensual photography with his almost 17-year-old girlfriend with the perverted adults who prey upon, sexualize and photograph children so that the images can be disseminated to pedophiles who troll the internet. Unfortunately, [Appellant]'s conduct in taking and keeping the consensual photographs of his underage girlfriend fits the technical legal definition of creating child pornography. Also, unfortunately, all of the

---

[1] The Majority appears to equate "prohibited sexual act" in Section 6312(d) with a criminal act. ***See generally*** Majority Memorandum at 6. However, Section 6312(g) defines the term "prohibited sexual act" as "[s]exual intercourse as defined in section 3101 (relating to definitions), masturbation, sadism, masochism, bestiality, fellatio, cunnilingus, lewd exhibition of the genitals or nudity if such nudity is depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction." 18 Pa.C.S.A. § 6312(g). The statute therefore does not depend on the legality or illegality of the underlying act, rather it depends on depicting a child under the age of 18 engaging in any of the listed "prohibited sexual acts."

> draconian consequences that were intended to deal with perverted purveyors of child pornography will apply to a naïve young man who made the mistake of photographing his slightly younger girlfriend.

Trial Court Opinion, 5/18/15, at 4.

Nevertheless, having no legal alternative, the trial court concluded as follows.

> In this case, [Appellant] clearly took the photographs of his almost seventeen-year-old girlfriend that depicted her naked and in sexual situations. At the time, [Appellant] knew his girlfriend's age. Even though the girlfriend obviously consented to the photographic session, consent is not a defense to a violation of [Section] 6312.
>
> …
>
> [Appellant]'s argument has equitable and common sense appeal. Unfortunately, his arguments are not legally cognizable. Section 6312 does not distinguish between consensual photographs taken by two adventurous, experimenting teens and photographs created by sexual predators for the pedophilic gratification of themselves or others. While certainly ironic, the fact that [Appellant] and S.C. were legally permitted to engage in sexual activity is not a defense to [Section] 6312[.]

*Id.* at 13.

Upon careful review, I am constrained to agree with the trial court's conclusion that the evidence was sufficient to convict Appellant of both counts of sexual abuse of children. The trial court appropriately recognized that Section 6312 is the law of this Commonwealth, and faithfully applied the same to this case. As noted above, Appellant acknowledges that S.C.

- 3 -

was under 18 years of age, "the photographs were of a sexual nature[,]" and that he took said photographs. Appellant's Brief at 11. It is not the role of the judiciary to change the law. Rather, any changes to Section 6312 must come from the legislature.

Based on the foregoing, I conclude that Appellant is not entitled to relief, and the Majority's reasoning for concluding to the contrary is unsound.[2] Accordingly, I would affirm the trial court's December 17, 2014 judgment of sentence. I respectfully dissent.

---

[2] I have reviewed Appellant's second issue pertaining to the weight of the evidence, and likewise conclude it lacks merit.